UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CIVIL ACTION

**IN RE LABMAR INLAND LLC, ET AL.**          NO: 25-1049

SECTION "H"

## ORDER AND REASONS

Before the Court is Claimants Dell Jamora, Nicole Brockman, Richard Santos, and Deborah Santos's Motion to Bifurcate Trial (Doc. 34). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

This is a limitation action brought by Petitioners LabMar Inland, LLC ("LabMar") and American Inland Marine, LLC ("American") as the owners of the M/V MANDY WHIPPLE ("the Limitation Action"). The action arises out of an accident in which an airboat owned by Airboat Adventures, LLC ("Airboat Adventures") and piloted by Captain Kevin Helmer struck the mooring line that was securing the M/V MANDY WHIPPLE to a tree on the bank of the intercoastal waterway. The passengers on the airboat, Dell Jamora, individually and on behalf of Carol Jean Jamora, Nichole J. Brockman, Richard Santos, Deborah Santos, Bryan Shields, Tiyana Shields, Gerrit Smit, and

1

Hariyanto Darus, have filed claims in the Limitation Action alleging Petitioners are liable for negligence and unseaworthiness of the M/V MANDY WHIPPLE. Claimants allege that Carol Jean Jamora died from the injuries sustained in the accident and Capt. Helmer sustained severe injuries. The other Claimants allege mental and emotional damages.

In addition to asserting claims in the Limitation Action, two groups of Claimants have each filed separate lawsuits in the Civil District Court for the Parish of Orleans arising out of this allision. In each lawsuit, Claimants name Airboat Adventures, Labmar, American, and Capt. Helmer as defendants. The state court actions are stayed pending resolution of the Limitation Action in this Court.

Airboat Adventures and Capt. Helmer have also filed claims in this Limitation Action. In addition to seeking property damage for the airboat involved in the allision, Airboat Adventures seeks indemnity from Petitioners for any amounts paid to Claimants. In turn, Petitioners have filed a counterclaim and third-party claim against Airboat Adventures and Capt. Helmer for their negligence in causing the accident. Petitioners have also tendered Airboat Adventures and Capt. Helmer to Claimants under Rule 14(c). Claimants have not brought direct claims against Airboat Adventures and Kevin Helmer in the Limitation Action.

Now before the Court is a Motion to Bifurcate filed by four of the ten Claimants—Dell Jamora, Nicole Brockman, Richard Santos, and Deborah Santos. Movants argue that bifurcation is necessary to preserve Petitioner's right to a limitation action and Claimants' rights pursuant to the savings-to-suitors clause to try their claims before a state court jury. Movants ask this

2

Court to bifurcate this matter so that the issues of limitation and Petitioners' liability are tried to this Court and thereafter the matter is remanded to state court for a trial on damages and apportionment of fault. Petitioners oppose the Motion to Bifurcate. Claimant Airboat Adventures also opposes the Motion, requesting instead that all limitation and liability issues be tried by this Court and damages issues be tried to a jury in this Court. Claimant Capt. Helmer does not oppose bifurcation, but requests that this Court try limitation, liability and apportionment of fault, leaving only damages to be tried by a state court jury. Finally, the remaining claimants did not file any response to Movants' request. Oral argument was held on April 9, 2026.

## **LEGAL STANDARD**

This Court has the discretion to bifurcate claims.[1] A district court may order separate trials of one or more claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize."[2] However, the Fifth Circuit has cautioned courts before bifurcating issues and ordering separate trials that the "issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice."[3] Even if bifurcation promotes judicial economy, courts should not permit it when it will lead to delay, additional expenses, and prejudice.[4] Because bifurcation is

---

[1] FED. R. CIV. PRO. 42(b).

[2] *Id.*

[3] Swofford v. B&W, Inc., 336 F.2d 406, 415 (5th Cir. 1964); Laitram Corp. v. Hewlett Packard Co., 791 F. Supp. 113, 115 (E.D. La. 1992).

[4] *Laitram Corp.*, 791 F. Supp. at 115; Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc., 707 F. Supp. 1429, 1433 (D. Del. 1989).

discretionary, courts should balance equities before bifurcating issues.[5] When a court decides to bifurcate issues and order separate trials, the court must preserve a party's federal right to a jury trial.[6]

## LAW AND ANALYSIS

Movants ask this Court to bifurcate this matter so that the issues of limitation and Petitioners' liability are tried to this Court and thereafter the matter is remanded to state court for a trial of damages and apportionment of fault. Other sections of this Court considering bifurcation of a limitation action look to whether bifurcation would promote convenience, expedite and economize the matter, or avoid prejudice.[7] The Movants have the burden to show that bifurcation would satisfy these goals.[8]

### A. Convenience

When considering whether bifurcation would promote convenience, Courts consider the overlap of evidence that would be involved in the two trials.[9] Claimants have requested that this Court try only the issues of Petitioners' liability and limitation, leaving allocation of fault and damages to the state court. Accordingly, there would be significant overlap of evidence and testimony at each trial, including the facts surrounding the accident at issue and the actions of all involved parties. A limitation proceeding necessarily

---

[5] *Laitram Corp.*, 791 F. Supp. at 115.

[6] *Id.*

[7] *In re* Texas Petroleum Inv. Co., No. CV 24-2344, 2026 WL 32230, at *3 (E.D. La. Jan. 6, 2026).

[8] *Id.*

[9] *In re* Cooper Marine, Inc., No. CV 24-2778, 2025 WL 3022214, at *3 (E.D. La. Oct. 29, 2025).

4

requires the Court "to determine first whether shipowner liability exists, and second, whether the shipowner had privity or knowledge of relevant acts of negligence or unseaworthiness."[10] This Court cannot determine whether Petitioners are liable without also considering the actions of the other parties alleged to have liability for the allision—Airboat Adventures and Capt. Helmer. This evidence would necessarily also be presented to the state court determining the allocation of fault. Further, because many of the claimants are claiming emotional trauma from the events of the allision, even certain damages issues would be heard in the trial on limitation before this Court. "'Courts have generally recognized that when issues [of limitation and the extent of damages] are intertwined and may require the same evidence, bifurcation of these issues . . . is not an appropriate remedy.'"[11] Accordingly, Movants have not shown how bifurcation as requested would promote convenience.

## B. Expedition and Economy

Courts next consider whether bifurcation would expedite or economize a matter. Movants argue that judicial economy favors bifurcation here because their claims against Airboat Adventures and Capt. Helmer will necessarily be tried in state court because Claimants have not brought claims against them in the Limitation Action. Movants argue that damages and allocation of fault should therefore be tried in state court where all defendants have been brought. This argument is undercut, however, by Petitioners' Rule 14(c) tender

---

[10] *In re* Hedron Holdings, LLC, No. CV 21-2295, 2023 WL 6382609, at *2 (E.D. La. Sept. 29, 2023).

[11] *In re of Cooper Marine, Inc.*, 2025 WL 3022214, at *3 (quoting In re Bertucci Contracting Co., No. 12-664, 2015 WL 114174, at *3 (E.D. La. Jan. 8, 2015)).

of Airboat Adventures and Capt. Helmer to Claimants. Rule 14(c)(2) states that:

> The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Accordingly, pursuant to Rule 14(c), Claimants' claims against Airboat Adventures and Capt. Helmer are properly before this Court. Because this Court can adjudicate all issues, judicial economy would be best served by hearing all issues in one trial. Movants have not shown that bifurcation would further judicial economy.

In addition, there are other considerations that would make bifurcation of this matter uniquely inefficient and uneconomical. First, there are two state court suits pending, each brought by a different group of claimants. Accordingly, bifurcation as requested by Movants could result in three separate trials and a realistic danger of inconsistent judgments. Further, two claimants—Airboat Adventures and Capt. Helmer—have not brought state court actions and therefore their damages claims would still be tried to this Court. Capt. Helmer's positioning in this matter is of further concern for bifurcation. Because Capt. Helmer is both an injured claimant and a possibly liable party pursuant to the Rule 14(c) tender, bifurcation would cause Capt. Helmer to try his case four times. First, he would have to defend the Rule 14(c) tender and participate in Petitioners' liability trial where Petitioners will try to show that Capt. Helmer and Airboat Adventures—and not Petitioners—

6

were at fault for the allision. Next, he would have to again defend his liability in two state court trials where fault will be allocated. And finally, he would have to try his own damages claim to this Court. Accordingly, bifurcation as requested by Movants would be inefficient, lengthy, and create a danger of inconsistent judgments.

### C. Avoiding Prejudice

Finally, courts have said that prejudice is the most important factor in considering bifurcation.[12] Claimants argue that they will be prejudiced if this matter is not bifurcated because they are entitled to a state court jury trial under the savings-to-suitors clause and Petitioners are entitled to a limitation action in federal court. Indeed, "[t]ension exists between the saving to suitors clause and the Limitation Act because the former affords suitors a choice of remedies, while the latter gives shipowners the right to seek limitation of their liability exclusively in federal court."[13] Under the saving-to-suitors clause, plaintiffs have the option to request a state jury trial for personal injury claims involving the Jones Act and general maritime law.[14] Pursuant to the Limitation of Liability Act, vessel owners have a right to a federal bench trial if "the amount of the claims exceed[s] the value of the ship and its cargo," and the vessel owner is "seek[ing] to limit liability to the value of the ship and its cargo."[15] "[T]he [district] court's primary concern is to protect the shipowner's

---

[12] *Id.*

[13] *In re* Tetra Applied Techs. L P, 362 F.3d 338, 340 (5th Cir. 2004).

[14] 28 U.S.C. § 1333.

[15] CHARLES ALAN WRIGHT, ARTHER R. MILLER, ET AL., 14A FEDERAL PRACTICE AND PROCEDURE § 3672 (4th ed. 2014); *see also In re* the Matter of Marquette Transp. Co. Gulf-Inland, LLC, No. 13-6351, 2014 WL 6389978, at *5 (E.D. La. Nov. 13, 2014).

absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum."[16]

The bifurcation of the personal injury and limitation claims can resolve the tension between the savings-to-suitors clause and the Limitation Action by allowing two separate trials—a federal bench trial and a state jury trial. The Supreme Court has allowed such a bifurcation "where a single claimant sues a shipowner in state court and the owner files a petition for limitation of liability in federal court."[17] Here, however, there is far from a "single claimant." Indeed, there are ten claimants—two of which are also alleged to be liable for the allision. While bifurcation may resolve the prejudice to Movants, it would create additional prejudice to non-movants. For the reasons discussed above, bifurcation as requested by Movants would result in multiplication of proceedings, overlap of testimony and evidence, increased expenses, increased delay, and a waste of judicial resources.

That said, the Court finds Airboat Adventures' suggestion—that all limitation and liability issues be tried by this Court and damages issues be tried to a jury in this Court—to be an appropriate compromise. This procedure will reduce prejudice to both parties by recognizing Claimants' rights to have their claims tried to a jury and preserving Petitioners' rights to a bench trial on the issue of limitation. It will also prevent duplication of trials, inefficiencies, and delays. This procedure has been embraced by other district

---

[16] Odeco Oil & Gas Co., Drilling Div. v. Bonnette, 74 F.3d 671, 674 (5th Cir. 1996).

[17] *In re Tetra Applied Techs. L P*, 362 F.3d at 340 (citing Langnes v. Green, 282 U.S. 531, 541 (1931); *see* Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438 (2001).

courts for these reasons.[18] Accordingly, although this Court finds Movants' particular request for bifurcation to be untenable, it will bifurcate the issues of limitation, liability, and allocation of fault from the issue of damages—the former to be tried to the bench and the latter to be tried simultaneously to a jury in this Court.

**CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED IN PART** as outlined herein.

New Orleans, Louisiana this 27th day of April, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[18] *See Marquette*, 2014 WL 6389978 at *5; Brister v. A.W.I., Inc., 946 F.2d 350, 353 (5th Cir. 1991); *In re Cooper Marine, Inc.*, 2025 WL 3022214, at *4.