**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
|  | **CIVIL ACTION** |
| **IN RE LABMAR INLAND LLC, ET AL.** | **NO: 25-1049** |
|  | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Claimants Dell Jamora, Nicole Brockman, Richard Santos, and Deborah Santos's Motion to Amend Interlocutory Order to Include Statement Prescribed by 28 U.S.C. § 1292(b) (Doc. 52). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This is a limitation action brought by Petitioners LabMar Inland, LLC ("LabMar") and American Inland Marine, LLC ("American") as the owners of the M/V MANDY WHIPPLE ("the Limitation Action"). The action arises out of an accident in which an airboat owned by Airboat Adventures, LLC ("Airboat Adventures") and piloted by Captain Kevin Helmer struck the mooring line that was securing the M/V MANDY WHIPPLE to a tree on the bank of the intercoastal waterway. The passengers on the airboat, Dell Jamora, individually and on behalf of Carol Jean Jamora, Nichole J. Brockman, Richard

1

Santos, Deborah Santos, Bryan Shields, Tiyana Shields, Gerrit Smit, and Hariyanto Darus, have filed claims in the Limitation Action alleging Petitioners are liable for negligence and unseaworthiness of the M/V MANDY WHIPPLE. Claimants allege that Carol Jean Jamora died from the injuries sustained in the accident and Capt. Helmer sustained severe injuries. The other Claimants allege mental and emotional damages.

In addition to asserting claims in the Limitation Action, two groups of Claimants have each filed separate lawsuits in the Civil District Court for the Parish of Orleans arising out of this allision. In each lawsuit, Claimants name Airboat Adventures, Labmar, American, and Capt. Helmer as defendants. The state court actions are stayed pending resolution of the Limitation Action in this Court.

Airboat Adventures and Capt. Helmer have also filed claims in this Limitation Action. In addition to seeking property damage for the airboat involved in the allision, Airboat Adventures seeks indemnity from Petitioners for any amounts paid to Claimants. In turn, Petitioners have filed a counterclaim and third-party claim against Airboat Adventures and Capt. Helmer for their negligence in causing the accident. Petitioners have also tendered Airboat Adventures and Capt. Helmer to Claimants under Rule 14(c). Claimants have not brought direct claims against Airboat Adventures and Kevin Helmer in the Limitation Action.

On April 27, 2026, this Court considered a Motion to Bifurcate filed by four of the ten Claimants—Dell Jamora, Nicole Brockman, Richard Santos, and Deborah Santos. Movants sought bifurcation so that they could try their claims before a state court jury pursuant to the savings-to-suitors clause. The

2

Court denied the request, explaining in depth that bifurcation would result in a significant overlap of evidence, be uniquely inefficient and uneconomical, prejudice non-movants, result in multiplication of proceedings, and waste judicial resources. That said, the Court agreed to bifurcate the issues of limitation, liability, and allocation of fault from the issue of damages—the former to be tried to the bench and the latter to be tried simultaneously to a jury in this Court.

On May 1, 2026, Movants filed the instant motion asking this Court to certify its Order denying bifurcation for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Petitioners LabMar and American, as well as Claimant Airboat Adventures, oppose the motion.

## **LEGAL STANDARD**

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." Accordingly, the standard under 28 U.S.C. § 1292(b) requires the consideration of three elements: (1) whether a controlling issue of law is involved; (2) whether the question is one where there is substantial ground for difference of opinion; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation. The moving party carries the burden of showing the necessity of interlocutory appeal.[1] Interlocutory

---

[1] Chauvin v. State Farm Mut. Auto. Ins. Co., Nos. 06-7145, 06-8769, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007).

appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment."[2]

## LAW AND ANALYSIS

Movants ask this Court to allow them to file an interlocutory appeal of the partial denial of their request for bifurcation. Movants, however, have failed to satisfy the requirements for such relief. First, "[a] question of law is controlling if reversal of the district court's action would terminate the litigation."[3] Reversal of this Court's decision not to bifurcate this matter as requested by Movants would in no way terminate this litigation. In fact, a reversal that allows Movants to try their claims before a state court jury would materially delay and complicate this litigation as previously detailed in this Court's earlier Order.[4] Movant's request for bifurcation is a pre-trial, procedural issue that is entirely within the discretion of this Court.[5] It is not a controlling issue of law.

Movants also have not shown that there is substantial ground for difference in opinion. Movants' arguments in this Motion are the same as those that were previously raised and rejected in their motion to bifurcate. The cases

---

[2] *Id.* (quoting Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68–69 (5th Cir. 1983)).

[3] Northfield Ins. Co. v. George E. Buisson Realty Co., No. 99-151, 1999 WL 777721, at *2 (E.D. La. Sept. 28, 1999) (citing Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2nd Cir. 1990)).

[4] *See* Doc. 51.

[5] FED. R. CIV. PRO. 42(b).

cited by Movants are easily distinguishable on their facts.[6] Further, "[a]motion to bifurcate is a matter within the sole discretion of the trial court" that will only be reversed for an abuse of that discretion.[7] This Court therefore does not see this matter as being one with substantial grounds for difference of opinion. "[T]he mere fact that a party disagrees with the district court's ruling is insufficient to establish that there is a substantial ground for a difference of opinion."[8]

Finally, "in determining whether certification will materially advance the ultimate termination of the litigation, the district court considers whether it will eliminate the need for trial, eliminate complex issues, or streamline issues to simplify discovery."[9] Certification of an interlocutory appeal of this Court's refusal to bifurcate trial as requested by Movants would have none of these benefits. Accordingly, Movant's request is wholly inappropriate and would only further delay and complicate an already complex multi-party action.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED.**

---

[6] *See* Matter of Jack'd Up Charters LLC, 681 F. Supp. 3d 560, 562 (E.D. La. 2023) (bifurcating in case with single claimant); Matter of Diamond B. Indus., LLC, No. CV 22-127, 2022 WL 4608140, at *1 (E.D. La. Sept. 30, 2022) (bifurcating in case with single claimant).

[7] First Texas Sav. Ass'n v. Reliance Ins. Co., 950 F.2d 1171, 1174 (5th Cir. 1992).

[8] Southern U.S. Trade Ass'n v. Unidentified Parties, No. 10-1669, 2011 WL 2790182, at *2 (E.D. La. 2011).

[9] *In re* Stewart, No. 09-3521, 2009 WL 2461672, at *2 (E.D. La. 2009) (citing *In re* Babcock & Wilcox Co., No. 00-1154, 2000 WL 823473, at *2 (E.D. La. 2000)).

New Orleans, Louisiana this 27th day of July, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**